c/m

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
..........................................
UNITED STATES OF AMERICA,

VS.

BORIS SELIOUTSKY
..........................................

AMENDED JUDGMENT
INCLUDING SENTENCE

NO.: CR 03-280 (JG)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ Aug 09 2006 ★
BROOKLYN OFFICE

Michael J. Ramos, Esq.
Assistant United States Attorney

Marsha Diamond
Court Reporter

James Kirshner & Lance Lazzaro Esq.
Defendant's Attorney

The defendant **Boris Selioutsky** having pled guilty to count one of the indictment accordingly, the defendant is ADJUDGED guilty of such Count(s), which involve the following offenses:

| TITLE AND SECTION | NATURE AND OFFENSE | COUNT NUMBERS |
|---|---|---|
| 118USC2252(a)(5)(B) AND 2252A(b)(2) | POSSESSION OF CHILD PORNOGRAPHY TRANSPORTED IN INTERSTATE COMMERCE | ONE |

\_\_\_ The defendant is sentenced as provided in pages 2 through 4 of the Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1988.
\_\_\_ The defendant is advised of his/her right to appeal within ten (10) days.
\_\_\_ The defendant has been found not guilty on count(s) and discharged as to such count(s)
\_\_\_ **Open counts are dismissed on the motion of the United States.**
\_\_\_ The mandatory special assessment is included in the portion of Judgment that imposes a fine.
\_\_\_ It is ordered that the defendant shall pay to the United States a special assessment of $100.00 which shall be due immediately.
**X** SPECIAL ASSESSMENT OF $100 PAID BY DEFENDANT.

It is further **ORDERED** that the defendant shall notify the United States Attorney for this District within 30 days of any change of residence or mailing address until all fines, restitution, costs and special assessments imposed by this Judgment are fully paid.

July 28, 2006
Date of Imposition of Sentence

JOHN GLEESON, U.S.D.J.
s/John Gleeson

Date of signature
A TRUE COPY ATTEST  7-28-06
DEPUTY CLERK

DEFENDANT: **BORIS SELIOUTSKY**
CASE NUMBER: **CR 03-280  (JG)**                           JUDGMENT-PAGE 2 OF 4

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of: **THIRTY (30)   MONTHS.**

_X_    The defendant is remanded to the custody of the United States Marshal.
___    The Court recommends the defendant be designated to a Correctional Facility in the New York Metropolitan area, if consistent with the Bureau of Prison Policy.
___    The defendant shall surrender to the United States Marshal for this District.

___    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.
        —    ___-12:00 noon_____.
        —    As notified by the United States Marshal.
        —    As notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____ with a certified copy of this Judgment.

                        _____
                        United States Marshal

                        By: _____

## SUPERVISED RELEASE

Upon release from Imprisonment, the defendant shall be on supervised release for a term of: **THREE (3) YEARS.**

**The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.**

While on supervised release, the defendant shall not commit another Federal, State, or Local crime and shall comply with the standard conditions that have been adopted by this Court (Seaforth on the following page).

The defendant is prohibited from possessing a firearm.

The defendant shall not illegally possess a controlled substance.

If this Judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

- The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

THE DEFENDANT IS TO COMPLY WITH THE ORDER OF FORFEITURE. THE DEFENDANT SHALL PARTICIPATE IN A MENTAL HEALTH TREATMENT PROGRAM, WHICH MAY INCLUDE TREATMENT FOR SEXUAL DISORDERS, AS APPROVED BY THE PROBATION DEPARTMENT. THE DEFENDANT SHALL CONTRIBUTE TO THE COST OF THE SERVICES RENDERED, VIA CO-PAYMENT, AS APPROVED BY THE PROBATION DEPARTMENT. AS PART OF THE TREATMENT PROGRAM FOR SEXUAL DISORDERS, THE DEFENDANT SHALL ALSO PARTICIPATE IN A POLYGRAPH EXAMINATION(S) TO OBTAIN INFORMATION NECESSARY FOR RISK MANAGEMENT AND CORRECTIONAL TREATMENT, AS APPROVED BY THE PROBATION DEPARTMENT. THE DEFENDANT IS NOT TO USE A COMPUTER TO ACCESS PORNOGRAPHIC WEB-SITES OR COMMUNICATE WITH ANY INDIVIDUAL OR GROUP WHO PROMOTES SEXUAL ABUSE OF CHILDREN. THE DEFENDANT SHALL COOPERATE WITH THE UNITED STATE PROBATION DEPARTMENT'S MONITORING OR COMPLIANCE WITH THIS CONDITION. THE COOPERATION SHALL INCLUDE, BUT NOT BE LIMITED TO, IDENTIFYING THE COMPUTERS HE HAS ACCESS TO, ALLOWING THE INSTALLATION OF MONITORING SOFTWARE, AND PERMITTING RANDOM INSPECTIONS OF HIS COMPUTER HARD DRIVES AND RELATED COMPUTER PERIPHERALS, SUCH AS DISKS OR CD'S. FOR THE PURPOSE OF THIS CONDITION, "PORNOGRAPHY" IS DEFINED AS "ANY VISUAL DEPICTION, INCLUDING ANY PHOTOGRAPH, FILM, VIDEO, PICTURE, OR COMPUTER OR COMPUTER-GENERATED IMAGE OR PICTURE, WHETHER MADE OR PRODUCED BY ELECTRONIC, MECHANICAL, OR OTHER MEANS, OF SEXUALLY EXPLICIT CONDUCT." SEXUALLY EXPLICIT CONDUCT" IS "ACTUAL OR SIMULATED-(A) SEXUAL INTERCOURSE, INCLUDING GENITAL-GENITAL, ORAL-GENITAL, ANAL-GENITAL, OR ORAL-ANAL, WHETHER BETWEEN PERSONS OF THE SAME OR OPPOSITE SEX; (B) BESTIALITY; (C) MASTURBATION; (D) SADISTIC OR MASOCHISTIC ABUSE; OR (E) LASCIVIOUS EXHIBITION OF THE GENITALS OR PUBIC AREA OF ANY PERSON." 18U.S.C. 2256(2). SEE U.S. V SIMMONS, 343 F3d 72 (2d Cir 2003).
IF THE DEFENDANT IS DEPORTED, HE MAY NOT RE-ENTER THE UNITED STATES ILLEGALLY; A SEARCH CONDITION IS IMPOSED IF THERE IS REASONABLE SUSPICION.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;

2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

8) The defendant shall support his or her dependents and meet other family responsibilities;

5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons:

6) The defendant shall notify the probation officer within 10 days prior to any change in residence or employment;

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a Physician;

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.